IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. |
| ) | |
| ROSS UNIVERSITY ) | Jury Demanded |
| SCHOOL OF MEDICINE, ) | |
| ADTLEM CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM

Plaintiff John Doe respectfully requests leave to proceed anonymously as "John Doe." The circumstances of this case are such that requiring the Plaintiff to proceed under his name would disclose information of the utmost personal intimacy, including education records protected from disclosure by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g; 34 CFR Part 99.

## MEMORANDUM

This Court has the discretion to allow a party to proceed anonymously under a pseudonym. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). In exercising its discretion, this Court is required to balance the public's common law right of access to court proceedings against the interests of litigants in nondisclosure. *In re Polemar Constr. Ltd. P'ship*, 23 F. App'x 423, 425 (6th Cir. 2001). The Plaintiff acknowledges that here is a strong public policy in favor of public access to judicial proceedings, however Plaintiff suggests that this case falls within the exception that parties are permitted to proceed under pseudonyms only under certain circumstances that justify an exception to this policy. *Citizens for a Strong Ohio v. Marsh, No.*

1

04-3112, 123 Jane F. App'x 630, at *636 (6th Cir. 2005). The Sixth Circuit has states that this Court should consider, among other factors, "whether prosecution of the suit will compel the [party] to disclose information of the utmost intimacy." *Id. quoting Porter*, 370 F.3d at 560.

In this case, the disclosure of the Plaintiff's name would forever associate him with allegations of sexual misconduct and untruthfulness. As a result, the Plaintiff would suffer public embarrassment and irreparable harm to his future career and reputation. Maintaining the confidentiality of the Plaintiff in this litigation is also consistent with federal policy as expressed by FERPA. This case involves school disciplinary records. The confidentiality of school disciplinary records has been well established. *See United States v. Miami Univ.*, 294 F.3d 797, 812 (6th Cir. 2002) (noting that Congress "intend[ed] to include student disciplinary records within the meaning of 'education records' as defined by the FERPA").

Finally, a number of recent cases have raised similar claims against schools alleging that the school violated Title IX of the Education Amendments of 1972, 86 Stat. 373, 20 U.S.C. § 1681(a) (2012) ("Title IX") by applying disciplinary guidelines and regulations to the students in a discriminatory manner. These cases have been brought by plaintiffs proceedings as "John Does." *See e.g. Doe v. Ohio State Univ.,* S.D.Ohio No. 2:15-cv-2830; *Doe v. Univ. of Cincinnati*, S.D.Ohio No. 1:15-CV-681 (Mar. 23, 2016); *Doe v. Salisbury Univ.,* D. Md. No. JKB-15-517; *Doe v. Columbia Univ*., S.D.N.Y. No. 14-CV-3573,; *Doe v. Washington & Lee Univ*., U.S.D.C., W.D. Va. No. 6:14-cv-00052, (Aug. 5, 2015); *Doe v. Univ. of Mass. - Amherst*, D. Mass. No. 14-30143-MGM. *See also Doe v. Univ. of the South*, 687 F. Supp. 2d 744 (E.D. Tenn. 2009).

2

Case 3:18-cv-00411-DCP   Document 2   Filed 09/25/18   Page 2 of 3   PageID #: 52

## CONCLUSION

Plaintiff should be granted leave to proceed anonymously as "John Doe."

                          Respectfully Submitted,

                          */s/ Michelle Owens*
                          Michelle Owens TBR No. 26512
                          Agee Owens, LLC
                          2911 Elm Hill Pike, Suite 2
                          Nashville, TN 37214
                          (615) 300-8546
                          *mowens@ageeowenslaw.com*