UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | No. 3:18-cv-411 |
| v. ) | |
| ) | Judge Collier |
| ROSS UNIVERSITY SCHOOL ) | |
| OF MEDICINE, and ) | |
| ADTLEM CORPORATION, ) | |
| ) | |
| *Defendants.* ) | |

## **O R D E R**

Before the Court is a motion by Plaintiff for leave to proceed anonymously in this case as "John Doe." (Doc. 2.) Plaintiff states the circumstances of the case are such that requiring Plaintiff to proceed under his name would disclose information of the utmost personal intimacy.

As a general rule, a plaintiff's complaint must state the name of all parties. Fed. R. Civ. P. 10(a). However, as a matter of court discretion, a plaintiff may be granted leave to proceed under a pseudonym. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004); *Endangered v. Louisville/Jefferson County Metro Gov. Dept. of Inspections*, No. 3:06-cv-250, 2007 WL 509695 at *1 (W.D. Ky. Feb. 12, 2007). In exercising its discretion, the court must consider whether a plaintiff's need for anonymity substantially outweighs the presumption that parties' identities are public information as well as the risk of unfairness to the opposing parties. *Endangered*, 2007 WL 509695 at *1 (citing *Does I thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068 (9th Cir. 2000)). A plaintiff may have a greater need for anonymity in certain instances, such as (1) when a plaintiff is suing to challenge governmental activity; (2) when a plaintiff's suit compels the plaintiff to "disclose information 'of the utmost intimacy'"; (3) when a plaintiff's suit compels the

plaintiff to disclose an intention to violate the law and risk criminal prosecution; and (4) when a plaintiff is a child. *Doe*, 370 F.3d at 560.

Here, Plaintiff alleges information "of the utmost intimacy" is involved because the case contains facts regarding allegations of sexual misconduct and untruthfulness. (Doc. 2.) Plaintiff argues that proceeding under his name would cause him to suffer public embarrassment and irreparable harm to his future career and reputation. Plaintiff also argues that maintaining confidentiality in this litigation is consistent with federal policy expressed by Family Educational Rights and Privacy Act ("FERPA") because the case involves school disciplinary records. Plaintiff also cites the "number of recent cases" which have raised similar claims against schools alleging Title IX violations and which have been brought by plaintiffs proceeding as "John Does." (Doc. 2 at 2 (citing, for example, *Doe v. Univ. of the S.*, 687 F. Supp. 2d 744 (E.D. Tenn. 2009)).)

The Court agrees that Plaintiff's case involves information of the utmost intimacy. *Doe 1 v. Mich. Dep't of Corr.*, No. 13-14356, 2014 WL 2207136, at *10 (E.D. Mich. May 28, 2014) ("sexual harassment and abuse . . . is clearly a matter of 'the utmost intimacy'"). Plaintiff's complaint states allegations that Plaintiff was stalked, sexually propositioned and harassed by an unnamed female student over the course of a year. (Doc. 1.) The complaint details interactions and sexual encounters between the two students. Plaintiff also alleges the unnamed female student filed a Title IX sexual misconduct claim against him. This case thus presents a scenario where Plaintiff's need for anonymity substantially outweighs the presumption that parties' identities are public information. *See also Doe v. Columbia Univ.*, 831 F.3d 46, 49 (2d Cir. 2016); *Doe v. Univ. of Cincinnati*, 173 F. Supp. 3d 586, 591 (S.D. Ohio 2016).

The Court also notes that there is little "risk of unfairness to the opposing parties" because the female student may continue to remain anonymously identified by her initials. *Endangered*,

2007 WL 509695 at *1.  Defendants Ross University School of Medicine and Adtlem Corporation do not similarly risk matters of utmost intimacy being revealed during this litigation.

For good cause shown, the Court **GRANTS** Plaintiff's motion for leave to proceed under a pseudonym.  (Doc. 2.)

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**