IN THE U.S. DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No.: 3:18-CV-00411-CLC-DCP |
| | ) |
| ROSS UNIVERSITY SCHOOL | ) |
| OF MEDICINE, ADTALEM | ) |
| CORPORATION, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Ross University School of Medicine ("Ross University") and Adtalem Corporation ("Adtalem") (collectively "Defendants") file this Motion to Dismiss for failure to state a claim and state as follows:

1. As more fully set forth in Defendants' Brief in Support of Motion to Dismiss, Plaintiff John Doe's claims all fail as a matter of law because (i) Plaintiff does not assert valid causes of action and/or (ii) Plaintiff does not allege sufficient specific, non-conclusory facts to support his claim.

2. Plaintiff's Complaint sets forth claims for (i) breach of contract; (ii) promissory estoppel; and (iii) violations of 20 U.S.C. § 1681(a) ("Title IX"). Despite his myriad of legal theories, the gravamen of Plaintiff's Complaint is that the disciplinary hearing committee should have believed him instead of his accuser. Plaintiff's Complaint, however, fails to meet the requisite pleading standard to survive a motion to dismiss.

3. Plaintiff's breach of contract claims should be dismissed because (i) Plaintiff fails to identify any valid contractual terms that Ross University allegedly breached, and (ii) where Plaintiff does allege contractual terms, he relies solely on conclusory allegations. Neither is sufficient to withstand a motion to dismiss. *See Doe v. Belmont Univ.*, -- F. Supp. 3d. --, 3:17-cv-01245, 2018 WL 4627033, at *4 (M.D. Tenn. Sept. 27, 2018).

4. Plaintiff's promissory estoppel claim also should be dismissed because it is wholly duplicative of his breach of contract claims. It is settled that a promissory estoppel claim based upon the same alleged conduct that forms the basis for a breach of contract claim must be dismissed. *Belmont*, 2018 WL 4627033, at *12 (citing *Jones v. BAC Home Loans Serving*, LP, No. W2016-00717-COA-R3-CV, 2017 WL 2972218, at *9 (Tenn. Ct. App. July 12, 2017)).

5. Plaintiff's Title IX claims should be dismissed because (i) many of them are not valid causes of action and (ii) the remaining Title IX claims are supported by impermissible conclusory allegations. In particular, Plaintiff's Title IX claims based on the theories of "archaic assumptions," "due process" and "equal protection" all fail because these theories do not apply to these alleged facts or to Ross University, a private university. *See, e.g., Doe v. Baum*, 903 F.3d 575, 587-88 (6th Cir. 2018) (dismissing an "archaic assumption" Title IX case because the claim did not involve student athletics); *Faparusi v. Case Western Reserve Univ.*, 711 Fed. App'x 269, 275-76 (6th Cir. 2017) (dismissing a "due process" Title IX claim because the defendant was a private school and not a state actor). The remaining Title IX claims are not supported by any non-conclusory allegations or specific facts and therefore must be dismissed.

6. Finally, all of Plaintiff's claims against Adtalem should be dismissed because Plaintiff fails to allege a single fact from which to infer liability by Adtalem, which is the parent corporation of Ross University. *See Jenkins v. Marvel*, 683 F. Supp. 2d 626, 631 (E.D. Tenn.

2010) (dismissing a claim against a parent company because the plaintiff had "not alleged any facts to support any claims against [the parent corporation]" other than the factual allegation that it is the parent.).

WHEREFORE, for these reasons and as fully set forth in the accompanying Brief in Support of Motion to Dismiss, Defendants ask this Court to grant their Motion to Dismiss in its entirety and dismiss all claims against them with prejudice, and for any such further relief to which they show themselves entitled at law or in equity.

Dated: November 29, 2018

Respectfully submitted,

*/s/ Bryan M. Westhoff*
Bryan M. Westhoff (*pro hac vice*)
bwesthoff@polsinelli.com
Polsinelli PC
150 N. Riverside Plaza, Suite 3000
Chicago, Illinois 60606

Caitlin J. Morgan (*pro hac vice*)
cmorgan@polsinelli.com
Polsinelli PC
2950 N. Harwood, Suite 2100
Dallas, Texas 75201

Michael A. Malone (BPR # 31219)
mmalone@polsinelli.com
Polsinelli PC
401 Commerce Street, Suite 900
Nashville, TN 37219
Telephone: (615) 259-1510

**Counsel for Defendants**

## CERTIFICATE OF CONFERENCE

      I hereby certify that on November 26, 2018, Caitlin Morgan and I conferred with Michelle Owens, counsel for Plaintiff John Doe, about this Motion and whether an amendment could cure the deficient pleading. The Parties were unable to agree that the Complaint is curable by a permissible amendment, necessitating this Motion.

      /s/ Bryan M. Westhoff

      Bryan M. Westhoff (*pro hac vice*)
      bwesthoff@polsinelli.com
      Polsinelli PC
      150 N. Riverside Plaza, Suite 3000
      Chicago, Illinois 60606

      **Counsel for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that I today caused a copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system which will be sent to all attorneys of record, namely:

Michelle Owens
Agee Owens & Cooper Law
2911 Elm Hill Pike, Suite 2
Nashville, TN 37214
mowens@ageeowenslaw.com
*Attorney for Plaintiff*

Dated this 29th day of November, 2018

/s/ Bryan M. Westhoff

Bryan M. Westhoff (*pro hac vice*)
bwesthoff@polsinelli.com
Polsinelli PC
150 N. Riverside Plaza, Suite 3000
Chicago, Illinois 60606

**Counsel for Defendants**