IN THE UNITED STATES DISTRICT COURT OF TENNESEE,
EASTERN DISTRICT

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.:3:18-CV-00411-CLC-DCP |
| ) | Jury Demanded |
| vs. ) | |
| ) | Judge Collier |
| ROSS UNIVERSITY SCHOOL OF ) | |
| MEDICINE; ADTLEM CORPORATION ) | |
| ) | |
| Defendants. ) | |

## MOTION TO AMEND COMPLAINT

In accordance with F.R.C.P. 15 and Rule LR15.1 Form of a Motion to Amend and Its Supporting Documentation, Local Rules of the United States District Court for the Eastern District of Tennessee, Plaintiff moves to amend his original Complaint as proposed in the Amended Complaint filed contemporaneously with this Motion. As grounds for this Motion, Plaintiff would show that Defendants have raised the sufficiency of Plaintiffs' pleadings for failure to state a claim in the original Complaint. Although Plaintiff does not concede that Defendants' are correct in such argument, Rule 15 and equity requires that Plaintiffs be allowed to amend their Complaint to address the Defendants' arguments and to clarify allegations in lieu of a dismissal on a matter which does not go to the merits of Plaintiff's claims.

Plaintiffs submit that no leave should be required to file their Amended Complaint as Defendants filed a motion to dismiss in lieu of an answer. As per *Fed. R. Civ. P.* 15(a)(1), amendments as a matter of right can be forestalled only by the service of a responsive pleading:

A party may amend its pleading once as a matter of course:

(A)    before being served with a responsive pleading …

A "responsive pleading" is solely one of the pleadings mentioned in Fed. R. Civ. P. 7(a), which is limited to:
(1) a complaint;
(2) an answer to a complaint;
(3) an answer to a counterclaim designated as a counterclaim;
(4) an answer to a crossclaim;
(5) a third-party complaint;
(6) an answer to a third-party complaint; and
(7) if the court orders one, a reply to an answer.
Id.

All other responses, such as a motion to dismiss or a motion for summary judgment, do not suffice. PNC Sec. Corp. v. Finanz-Und GMBH-Liedgens, 1996 U.S. App. LEXIS 30183, 17 (6th Cir. 1996). In addition, amendments to a complaint to remedy defective allegations of jurisdiction are freely permitted where necessary to avoid dismissal on purely technical grounds, unless the record clearly indicates that the complaint could not be saved by any truthful amendment. Miller v. Davis, 507 F.2d 308 (6th Cir. 1974).

WHEREFORE, Plaintiffs request that they be allowed to file their proposed Amended Complaint as attached hereto.

Respectfully submitted this 31st day of December 2018.

s/Michelle Owens
**Michelle Owens, TN Bar No. 02615**
Agee Owens, LLC
2911 Elm Hill Pike, Suite 2
Nashville, TN 37214
(615) 300-8546
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on December 19, 2018, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Bryan M. Westhoff (*pro hac vice*)
Polsinelli PC
150 N. Riverside Plaza, Suite 3000
Chicago, Illinois 60606
bwesthoff@polsinelli.com

Caitlin J. Morgan (*pro hac vice*)
Polsinelli PC
2950 N. Harwood, Suite 2100
Dallas, Texas 75201
cmorgan@polsinelli.com

Michael A. Malone (BPR # 31219)
Polsinelli PC
 401 Commerce Street, Suite 900
Nashville, TN 37219
Telephone: (615) 259-1510
mmalone@polsinelli.com

*Counsel for Defendants*

s/Michelle Owens
Michelle Owens
