IN THE U.S. DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOHN DOE, | ) |
|     Plaintiff, | ) |
| vs. | ) Civil Action No.: 3:18-CV-00411-CLC-DCP |
| ROSS UNIVERSITY SCHOOL OF MEDICINE, ADTALEM CORPORATION, | ) |
|     Defendants. | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Defendants Ross University School of Medicine ("Ross University") and Adtalem Corporation ("Adtalem") (collectively "Defendants") submit this Opposition to Plaintiff's Motion to Amend Complaint [ECF # 29] and state as follows.

Plaintiff, John Doe, filed his initial Complaint because he disagreed with the result of a school disciplinary proceeding in which he was found guilty of sexually assaulting a fellow student. Because Plaintiff's initial Complaint was replete with conclusory allegations and invalid causes of action, Defendants moved to dismiss under Federal Rules of Civil Procedure 12(b)(6). Rather than filing a response to Defendants' motion, Plaintiff filed a motion for leave to file the First Amended Complaint.[1] Defendants oppose Plaintiff's motion for leave as futile because the proposed First Amended Complaint suffers from the same deficiencies Defendants

---

[1] Prior to filing the motion to dismiss, the Parties held a "meet-and-confer" conference in which Defendants requested that Plaintiff correct the Complaint's deficiencies. During the conference, Plaintiff refused to amend the Complaint. However, after Defendants filed the motion to dismiss, Plaintiff apparently changed his mind. Plaintiff filed his motion for leave to file the First Amended Complaint rather than responding to Defendants' motion.

identified in the first Complaint. Therefore, even if the Court grants Plaintiff's motion for leave and permits the Plaintiff to file the First Amended Complaint, Defendants still must file another motion to dismiss.

Plaintiff's proposed First Amended Complaint fails to state a claim under Rule 12(b)(6) for nearly all of the same reasons identified in Defendants' motion to dismiss. For example, even after attaching the Ross University Student Handbook, Plaintiff still fails to cite any relevant contractual provisions in support of his breach-of-contract claims and fails to specifically allege any damages. *Doe v. Belmont Univ.*, 334 F. Supp. 3d 877, 900 (M.D. Tenn. 2018). Plaintiff's promissory estoppel claim also remains entirely duplicative of his breach of contract claims. *Id.* at 902. Further, all of Plaintiff's claims fail as a matter of law because they rely entirely upon conclusory allegations. *See Doe v. Cummins*, 662 Fed. App'x. 437, 443 (6th Cir. 2016) (citing *Logsdon v. Hains*, 492 F.3d 334, 340 (6th Cir. 2007); quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1995, 1937 (2009)). Plaintiff's "Equal Protection" and "Due Process" theories also do not apply to Ross University because it is a private actor. *Faparusi v. Case Western Reserve Univ.*, 711 Fed. App'x 269, 276 (6th Cir. 2017). Finally, Plaintiff still does not allege a single fact against Adtalem from which to infer liability. *Jenkins v. Marvel*, 683 F. Supp. 2d 626, 631 (E.D. Tenn. 2010). Because Plaintiff's proposed First Amended Complaint suffers from nearly all of the same deficiencies as his Complaint, granting leave to file the First Amended Complaint would be futile and should be denied. *C.f. Riverview Health Inst. LLC v. Medical Mutual of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (denying sought leave to amend because amendment would not survive a motion to dismiss).

Defendants recognize that, under Sixth Circuit law, a plaintiff is permitted to amend his complaint once as a matter of right, without seeking leave of Court, before a responsive pleading

has been filed. *Broyles v. Correctional Med. Servs., Inc.*, No. 08-1638, 2009 WL 3154241, at *3-4 (6th Cir. Jan. 23, 2009). Still, because Plaintiff sought leave of Court to file the First Amended Complaint, Defendants file this opposition out of an abundance of caution to assert their position that the First Amended Complaint remains deficient and to respectfully notify the Court that Defendants plan to file another motion to dismiss if the Court grants Plaintiff's motion for leave to file the First Amended Complaint.

## CONCLUSION

WHEREFORE, Defendants request that the Court deny Plaintiff's motion for leave to file the First Amended Complaint because, like the original Complaint, the proposed First Amended Complaint fails to state any valid claims. In the alternative, if the Court grants Plaintiff's motion for leave to file the First Amended Complaint, Defendants request that the Court enter a briefing schedule providing at least 21 days for Defendants to file a motion to dismiss the First Amended Complaint.

Dated: January 11, 2019          Respectfully submitted,

         */s/ Bryan M. Westhoff*
         Bryan M. Westhoff (*pro hac vice*)
         bwesthoff@polsinelli.com
         Polsinelli PC
         150 N. Riverside Plaza, Suite 3000
         Chicago, Illinois 60606

         Caitlin J. Morgan (*pro hac vice*)
         cmorgan@polsinelli.com
         Polsinelli PC
         2950 N. Harwood, Suite 2100
         Dallas, Texas 75201

         Michael A. Malone (BPR # 31219)
         mmalone@polsinelli.com
         Polsinelli PC
         401 Commerce Street, Suite 900

Nashville, TN 37219
Telephone: (615) 259-1510

**Counsel for Defendants**

4

## CERTIFICATE OF SERVICE

I hereby certify that I today caused a copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system which will be sent to all attorneys of record, namely:

Michelle Owens
Agee Owens & Cooper Law
2911 Elm Hill Pike, Suite 2
Nashville, TN 37214
mowens@ageeowenslaw.com
*Attorney for Plaintiff*

Dated this 11th day of January, 2019.

<em>/s/ Bryan M. Westhoff</em>