UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CV-411-DCP |
| | ) | |
| ROSS UNIVERSITY SCHOOL OF MEDICINE, | ) | |
| and ADTALEM CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 33].

Now before the Court is Plaintiff's Motion to Amend Complaint [Doc. 29]. Defendants have responded [Doc. 34] in opposition to Plaintiff's Motion. The Motion is ripe for adjudication. Accordingly, for the reasons more fully explained below, the Court hereby **GRANTS** Plaintiff's Motion [**Doc. 29**].

## I. POSITIONS OF THE PARTIES

Plaintiff seeks leave to file his First Amended Complaint. For grounds, Plaintiff states that Defendants have raised the sufficiency of Plaintiff's pleadings for failure to state a claim. Plaintiff states that he should be permitted to amend the Complaint pursuant to Federal Rule of Civil Procedure 15 and equity. Plaintiff has attached his proposed Amended Complaint [Doc. 29-1] as an exhibit to his Motion in accordance with Local Rule 15.1.

Defendants filed a Response [Doc. 34], objecting to Plaintiff's Motion. Defendants state that Plaintiff's original Complaint is replete with conclusory allegations and invalid causes of

action. Defendants submit that instead of filing a response to their motion to dismiss, Plaintiff filed the instant Motion. Defendants state that the proposed First Amended Complaint suffers from the same deficiencies that Defendants identified in the orginial Complaint.

Defendants maintain that the First Amended Complaint fails to state a claim of relief under Rule 12(b)(6). Defendants explain that Plaintiff fails to cite any relevant contractual provisions in support of his breach of contract claim and fails to identify damages. In addition, Defendants state that Plaintiff's claims of promissory estoppel remain entirely duplicative of his breach of contract claims. Further, Defendants state that Plaintiff's claims fail as a matter of law because they rely entirely upon conclusory allegations. Defendants contend that Plaintiff's equal protection and due process claims do not apply to Defendant Ross University School of Medicine because it is a private actor. In addition, Defendants state that Plaintiff does not allege a single fact against Defendant Adtalem Corporation from which to infer liability.

In the alternative, if the Court grants Plaintiff's Motion, Defendants request twenty-one (21) days to respond to the First Amended Complaint.

## II. ANALYSIS

The Court begins with Rule 15, which provides that courts should "freely give leave where justice so requires." Fed. R. Civ. P. 15(a)(2). The decision as to whether justice requires the amendment is committed to the district court's discretion. *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986). Despite the liberality of Rule 15(a)(2), courts have explained that motions to amend may be denied if the court finds undue delay, bad faith, or dilatory motive, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice, and futility of the amendment. *Scheib v. Boderk*, No. 3:07-CV-446, 2011 WL 208341, at *2 (E.D. Tenn. Jan. 21, 2011) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Given the liberality of Rule 15(a)(2), along with the above factors, the Court will allow Plaintiff to amend his Complaint. The Court notes that Plaintiff filed his original Complaint on September 25, 2018, and moved to amend a few months later. This case is in its early stages, and the Court does not find that Defendants will be unduly prejudiced by the filing of the First Amended Complaint. There have been no allegations of bad faith or dilatory motive, and this is Plaintiff's first request to amend the Complaint. The Court has also considered the futility of the amendments but finds that the best course of action is to allow Plaintiff to file his First Amended Complaint and allow the parties to engage in dispositive motion practice, if necessary. *See Wiggins v. Kimberly-Clark Corp.*, No. 3:12-cv-115, 2014 WL 1267574, *2 (E.D. Tenn. Mar. 26, 2014) (allowing plaintiff to amend the complaint while noting that the related issues raised in the parties' briefs can be addressed through the filing of appropriate motions after the plaintiff files an amended complaint). Accordingly, the Court finds Plaintiff's request well taken.

## III. CONCLUSION

Accordingly, for the reasons stated above, the Court **GRANTS** Plaintiff's Motion to Amend Complaint [**Doc. 29**]. Plaintiff **SHALL FILE** his First Amended Complaint [Doc. 29-1] as his operative pleading in CM/ECF on or before **April 8, 2019**. Defendants shall respond to the First Amended Complaint within twenty-one (21) days of Plaintiff's filing. As a final matter, given that the Court has permitted Plaintiff to amend his Complaint, the Court hereby **DENIES** Defendants' Motion to Dismiss [**Doc. 24**] **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge