UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:18-CV-411-DCP |
| ) | |
| ROSS UNIVERSITY SCHOOL OF ) | |
| MEDICINE, and ADTALEM CORPORATION,) | |
| ) | |
| Defendants. ) | |

SCHEDULING ORDER

1. INTRODUCTION: Pursuant to Fed. R. Civ. P. 16(b), a telephonic Scheduling Conference was held in this case on April 16, 2019. Attorney Michelle Owens was present on behalf of Plaintiff. Attorneys Bryan Westhoff and Caitlin Morgan were present on behalf of Defendants. The following actions were taken:

2. JURISDICTION: In this case, the subject-matter jurisdiction of the Court is not in dispute. The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and have specifically consented to the undersigned.

3. SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION:

(a) The possibility of settlement is not known at this time. Counsel will advise the Court if the parties desire Alternative Dispute Resolution ("ADR") and the Court's involvement with regard to the same.

4. DISCLOSURE AND DISCOVERY:

(a) Fed. R. Civ. P. 26(f) Meeting: The parties will conduct their discovery planning meeting on or before **May 3, 2019** as required by Fed. R. Civ. P. 26(f).

(b) <u>E-Discovery</u>:  During the discovery planning meeting, the parties shall confer and determine whether any party will likely be requested to disclose or produce substantial information from electronic or computer based media.  If so, the parties are directed to determine: (i) whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business; (ii) the anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business; (iii) the format and media agreed to by the parties for the production of such data as well as agreed procedures for such production; (iv) whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise; (v) whether there are other problems that the parties anticipate may arise in connection with electronic or computer-based discovery; and (vi) the name of the person responsible for each party's document retention policies and the name of the individual through which discovery requests and responses to each party are to be made.  It is expected the parties will confer and cooperatively reach an agreement as to how e-discovery will be conducted in this case.

(c) <u>Discovery Plan</u>:  At the Rule 26(f) meeting, the parties shall, if they have not already done so, develop a discovery plan and file the same with the Court.

(d) <u>Initial Disclosures:</u>  Rule 26(a)(1) disclosures will be made on or before **May 10, 2019**.

(e) <u>Expert Testimony</u>:  Disclosure of any expert testimony in accordance with Fed. R. Civ. P. 26(a)(2) shall be made by Plaintiff one hundred fifty (150) days before trial and by Defendant one hundred twenty (120) days before trial.

(f) <u>Evidence-Presentation Equipment</u>:  If either party intends to use electronic, mechanical or other equipment to display evidence at trial, the parties shall confer in an effort to agree on the size, type and location of equipment to be used in the courtroom.  If the parties agree, they shall

file their joint proposal on the date on which the final pretrial order is due.  If the parties cannot agree, each party shall file its proposal on the date on which the pretrial order is due and may comment on the proposal filed by any other party within two business days thereafter.

(g) <u>Pretrial Disclosures</u>:  On or before thirty (30) days before trial, the parties shall make all pretrial disclosures specified in Fed. R. Civ. P. 26(a)(3), except as to witnesses (see 6(h) and (i) below).

(h) <u>All Discovery</u>:  All discovery, including expert discovery, shall be completed ninety (90) days before trial.  (Motions to compel must be filed at least thirty (30) days before this deadline.)

5. <u>PRETRIAL ORDERS AND PRETRIAL CONFERENCES</u>:

Unless counsel are otherwise directed by the Court, the following shall govern with respect to pretrial orders and conferences in this particular case.

Thirty (30) days before trial, an agreed pretrial order <u>shall be filed with the clerk</u>.  This order shall contain the following recitals:

- (a) Jurisdiction.
- (b) That the pleadings are amended to conform to the pretrial order.
- (c) Short summary of Plaintiff's theory.
- (d) Short summary of Defendant's theory.
- (e) The issues to be submitted to the trial judge or jury.
- (f) Stipulations of fact.
- (g) Novel or unusual questions of law or evidence.
- (h) Estimated length of trial (in working days).
- (i) Possibility of settlement.

(j)     Miscellaneous matters that may contribute to the just, speedy, and inexpensive determination of the case.

Forty-five (45) days before trial (forty-seven (47) days if service by mail), Plaintiff's counsel **shall** serve opposing counsel with a proposed pretrial order containing the above items except for the theory of Defendant. Within five (5) working days after receipt thereof, opposing counsel shall furnish Plaintiff's counsel with Defendant's theory and advise of any disagreement as to the issues or other matters in the proposed pretrial order. The parties shall make diligent, good-faith efforts to reconcile any differences promptly and without the necessity of the Court's intercession. If the parties cannot agree on a pretrial order, Plaintiff's attorney shall notify the undersigned's Judicial Assistant, Holly Nease (865-545-4260), at least thirty-one (31) days before trial that the parties have, following a face-to-face conference, been unsuccessful, after a good-faith effort, to agree upon a pretrial order. Thereafter, the undersigned may enter a pretrial order.

Failure to file an agreed pretrial order or to notify the undersigned's judicial assistant that one cannot be agreed upon as required herein may be deemed a failure to prosecute the action. *See* Fed. R. Civ. P. 41(b).

6. OTHER SCHEDULING MATTERS:

(a) Joinder of Parties/Amendment of Pleadings: At least one hundred and fifty (150) days before trial, all motions for leave to amend the pleadings and add parties must be filed.

(b) Dispositive Motions: All dispositive motions under Fed. R. Civ. P. 12 and all motions for summary judgment pursuant to Fed. R. Civ. P. 56 shall be filed as soon as possible but no later than one hundred and fifty (150) days before trial. The failure to timely file such motions will be grounds to summarily deny them.

4

(c) <u>Motions in Limine</u>: Any motions in limine must be filed fourteen (14) days in advance of the pretrial conference, and the opposing party will have seven (7) days from the date of filing in which to respond to any such motions in limine.

(d) <u>Daubert Motions</u>: Motions challenging witness testimony pursuant to Fed. R. Evid. 702 and/or *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), shall be filed ninety (90) days before trial or they will be deemed waived.

(e) Upon filing any dispositive motion, or any other motion (or responsive pleading) that exceeds twenty-five (25) pages (including attachments), a courtesy hard copy shall be mailed or hand delivered to chambers.

(f) <u>Special Requests to Instruct for Jury Trial</u>: Any special requests for jury instructions must be filed fourteen (14) days in advance of the pretrial conference, and the opposing party will have seven (7) days from the date of filing in which to respond and shall be supported by citations to authority. *See* E.D. Tenn. L.R. 7.4 and 51.1.

(g) All anticipated exhibits will be labeled and sequentially numbered prior to trial. At the inception of trial, counsel will furnish the court with three (3) copies of their exhibit lists and two (2) notebooks with exhibits, so numbered, and three (3) copies of witness lists.

(h) Forty-five (45) days before trial, the parties shall file a final witness list, covering the information specified in Rule 26(a)(3).

(i) Within five (5) days after service of a final witness list in (h) above, such list may be supplemented.

(j) In the event that a party files objections within the time specified by Rule 26(a) to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii), or any objection, together with the grounds for it, that may be made to the admissibility of materials

5

Case 3:18-cv-00411-DCP   Document 41   Filed 04/24/19   Page 5 of 8   PageID #: 379

identified under Rule 26(a)(3)(A)(iii) and desires the Court to consider such objections, they shall be accompanied by a brief in support thereof. Unless otherwise directed by the Court, the undersigned will address such objections at the pretrial conference. Counsel for the parties are reminded that an objection not so made—except for one under Federal Rule of Evidence 402 or 403—is waived unless excused by the Court for good cause. *See* Fed. R. Civ. P. 26(a)(3)(B).

7. <u>MOTION FOR EXTENSIONS OF DEADLINES</u>: Deadlines established in this Order may not be extended solely by agreement of counsel without the undersigned's approval. However, agreed orders and extensions, which do not change the trial date will generally be granted. Motions seeking extensions of any deadlines set forth in this order shall be filed prior to the expiration of the deadline. Absent compelling reasons or circumstances, motions filed after the deadline will generally be denied.

8. <u>FINAL PRETRIAL CONFERENCE</u>: The parties shall appear before the Court on **January 28, 2020 at 1:30 p.m.** for a final pretrial conference.

9. <u>STATUS REPORT</u>: The parties shall jointly file a status report sixty (60) days before trial covering the following matters:

(a) Whether discovery has been completed;

(b) If any dispositive motions are pending, whether oral argument would be beneficial to the Court and/or the parties, and, if so, explain the benefit;

(c) Whether any party intends to file any further pretrial motions, including any motions in limine, and if so, the anticipated subject matter of such motions;

(d) Whether the case is to be tried jury or non-jury and the anticipated length of trial;

(e) The prospects for settlement of this matter, and whether the case has been or will be submitted for mediation pursuant to Local Rule 16.4; and

(f)  Any other matter which you believe should be brought to the Court's attention.

10. TRIAL:  The trial of this case will be held before the United States Magistrate Judge with a jury beginning on **February 11, 2020 at 9:00 a.m**.  The trial is expected to last two to three (2-3) days.  **Should the scheduled trial date change for any reason, the other dates and deadlines in this order will not automatically change.  However, the parties may seek an order changing a date or deadlines.**

(a)  If there are any preliminary matters, counsel shall be present at 8:30 a.m., to take up any such matters which may require the court's attention.  The parties shall be prepared to commence trial at 9:00 a.m., on the date which has been assigned.  If this case is not heard immediately, it will be held in line until the following day or anytime during the week of the scheduled trial date.

(b) Jury list:  The Clerk may provide counsel with a jury list containing names and personal information concerning prospective petit jurors (hereafter "the jury list").  Counsel and any other person provided with the jury list may not share the jury list or information therein except as necessary for purposes of jury selection.  Following jury selection, counsel and any other person provided the jury list must return to the clerk the jury list and any copies made from the jury list or destroy them.

(c) Contact with jurors:  Unless permitted by the Court, no attorney, representative of an attorney, party or representative of a party, may interview, communicate with, or otherwise contact any juror or prospective juror before, during, or after the trial.  Permission of the Court must be sought by an application made orally in open court or upon written motion stating the grounds and the purpose of the contact.  If permission is granted, the scope of the contact and any limitations upon the contact will be prescribed by the Court prior to the contact.

11. <u>ELECTRONIC CASE FILING</u>:  The Court has implemented Electronic Case Filing ("ECF"), which allows counsel to file and docket pleadings directly from their office via the internet.  ECF also enables counsel to be served with filings from other parties and the court via email.  Information on the ECF system is available on the court's website: www.tned.uscourts.gov.  Counsel who are not already registered users are expected to register and utilize such electronic filing or be prepared to explain their failure to do so.  *See* E.D. Tenn. L.R. 5.2.

Per Order of all the District Judges, all attorneys practicing in the Eastern District of Tennessee <u>must</u> register as electronic filing users and file their pleadings electronically through the CM/ECF system or show the presiding judge good cause to file and serve documents in the traditional manner.

**IT IS SO ORDERED**.

ENTER:

/s/ Debra C. Poplin
Debra C. Poplin
United States Magistrate Judge